UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE CONNECTICUT
INDEMNITY COMPANY,

    Plaintiff,

v.                                     Case No.: 8:04-cv-1044-T-24MSS

STANLEY PALIVODA,

    Defendant/Counter-Claimant.
_____/

## ORDER

This cause comes on for consideration of Plaintiff's Motion to Compel Discovery (Dkt. 46) and Defendant's response thereto (Dkt. 47). Plaintiff's Motion to Compel asks the Court to enter an order compelling the Defendant to produce 1) a navigational chart, in response to a request made during Defendant, Stanley Palivoda's February 2-3, 2005, deposition (the "Palivoda Deposition") and 2) certain documents in response to a Supplemental Request for the Production of Documents and Information made in a letter dated February 16, 2005, and sent to Defendant's counsel (the "February 16 Letter"). Plaintiff claims that Defendant's counsel agreed during the Palivoda Deposition to provide Plaintiff with the information and documents requested in the February 16 Letter (Dkt. 47, ¶ 8).

Defendant responds that he has provided Plaintiff's counsel with the navigational chart Plaintiff seeks (Dkt. 47, ¶ 6). Defendant further states, without denying Plaintiff's entitlement to such, that if Plaintiff would like the documents it is seeking in the February 16 Letter, then Plaintiff must utilize Federal Rules of Civil Procedure 33 and 34 to obtain them (Dkt. 47 at 2).

Upon review of the Motion to Compel and response, the Court **ORDERS** that Plaintiff's

Motion to Compel is **GRANTED** in part and **DENIED** in part.

1. **The Navigational Chart**

Defendant's response indicates that Plaintiff was provided with the navigational chart at issue, thus Plaintiff's request as to the navigational chart is **DENIED** as moot.

2. **The Supplemental Request for the Production of Documents and Information**

Plaintiff claims that Defendant's counsel agreed at the Palivoda Deposition to provide Plaintiff with the information now being sought through this Motion to Compel. Defendant's counsel does not contest this assertion in his filed response in opposition (Dkt. 47). Having reviewed the Palivoda Deposition transcripts, the Court finds that although there is no direct notation of Defendant's agreement to provide the information and documents sought in the February 16 Letter, the information sought is directly related to questions posed during the Palivoda Deposition. Accordingly, Defendant shall provide to Plaintiff within ten days of the date of this Order all of the information and documents requested in the February 16 Letter.

**DONE and ORDERED** in Tampa, Florida on this ___ day of June 2005.

Mary S. Scriven
United States Magistrate Judge

Copies to:

Counsel of Record