UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE CONNECTICUT
INDEMNITY COMPANY,

    Plaintiff,

v.                                      Case No.: 8:04-cv-1044-T-24MSS

STANLEY PALIVODA,

    Defendant/Counter-Claimant.
_____/

## ORDER

This cause comes on for consideration of Plaintiff's Motion to Compel Discovery (Dkt. 54) and Defendant's response thereto (Dkt. 55). Plaintiff's Motion to Compel asks the Court to enter an order compelling the Defendant to produce a "navigational chart," in response to a request made during Defendant, Stanley Palivoda's February 2-3, 2005, deposition (the "Palivoda Deposition") and subsequently in a letter sent to Defendant's counsel, dated February 16, 2005 (the "February 16 letter"). Upon review of the Motion to Compel and the response, the Court **ORDERS** that Plaintiff's Motion to Compel (Dkt. 54) is **GRANTED**, in accordance with the findings below.

A complete case history is not necessary; however, in summary, this case involves the sinking of the paddlewheel ship JUBILEE while it was crossing the Gulf of Mexico in December 2003 on a delivery trip from Minnesota to King George, Virginia. According to Plaintiff, one of the issues in this litigation is whether Defendant improperly deviated from the approved course set forth in the Plaintiff's Hull Policy while traversing across, not around the Gulf of Mexico, which placed the vessel in open water. Plaintiff further contends that the JUBILEE was neither properly designed nor manned to handle such a crossing, and thus, was unseaworthy when it left Apalachicola, Florida to

make the crossing.

Plaintiff's Motion to Compel informs the Court that "in light of agreement reached at Palivoda's deposition, on February 16, 2005, [Connecticut Indemnity Company's] counsel mailed [National Oceanographic Atmospheric Administration ("NOAA")] Map No. 11006 (Key West to Mississippi River) to Palivoda" (Dkt. 54, ¶ 5) and asked him to mark certain routes at issue on the chart provided in different colored inks. Defendant does not contest Plaintiff's entitlement to a navigational chart; however, Defendant claims that the navigational chart he agreed to provide is the chart used when navigating the vessel JUBILEE from Apalachicola, Florida to the place of sinking, that is, NOAA chart No. 11400 (Dkt. 55, ¶ 4) and not the navigational chart provided by Defendant in the February 16 letter, NOAA Map No. 11006. Defendant further claims that Plaintiff has never specifically asked for a copy of NOAA chart No. 11400, and that if a proper request is made for NOAA chart No. 11400, Defendant would supply Plaintiff with it (Dkt. 55 at p. 2).

This is not the first time the Court has been asked to settle discovery disputes between the parties about the "navigational chart." In an Order dated June 9, 2005 (Dkt. 52), the Undersigned denied Plaintiff's Motion to Compel as moot because Defendant had informed the Court that the navigational chart at issue had been provided (Dkt. 47, ¶ 6). However, Plaintiff now informs the Court that it has not been provided with either NOAA chart No. 11400 or NOAA Map No. 11006.

Review of the Palivoda Deposition transcript makes clear that Defendant agreed to provide Plaintiff with NOAA chart No. 11400 not NOAA Map. No. 11006. (Palivoda Dep. at 197, lines 21-22).

Accordingly, it is **ORDERED** that Defendant shall have five (5) days from the date of this Order to furnish Plaintiff with a copy of NOAA chart. No. 11400.

Plaintiff is reminded that adherence to the Local Rules, especially Local Rule 3.01(g), is

required. Lack of adherence to the Local Rules usually results in a filing being stricken. Future filings that do not adhere to the Local Rules will be stricken automatically.

**DONE and ORDERED** in Tampa, Florida on this 21st day of July 2005.

Mary S. Scriven
United States Magistrate Judge

Copies to:

Counsel of Record