UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE CONNECTICUT INDEMNITY
COMPANY,

    Plaintiff,

v.                                                                          Case No. 8:04-cv-1044-T-24MSS

STANLEY PALIVODA,

    Defendant.
_____/

## ORDER

        This cause comes before the Court on Defendant Palivoda's Motion for New Trial and New Judgment. (Doc. No. 63). Plaintiff opposes this motion. (Doc. No. 64).

### I. Standard of Review

        Defendant brings this motion pursuant to Federal Rule of Civil Procedure 59. "A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Wendy's International, Inc. v. Nu-Cape Construction, Inc., 169 F.R.D. 680, 684 (M.D. Fla. 1996)(quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294 (M.D. Fla. 1993)). There are three "grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Id. at 684 (citations omitted). However, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Id. at 685.

Rule 59(e) is not "a vehicle for raising issues or citing authorities the party could or should have presented prior to the court's ruling.  In addition, it is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." <u>Id.</u> at 686. (citation omitted).  "Such a motion is appropriate, however, when the court has patently misunderstood a party and has made a decision outside the adversarial issues presented, or has made a mistake, not of reasoning, but of apprehension." <u>Id.</u>  (citation omitted).

## II.  Background

The Court granted Plaintiff's motion for summary judgment (Doc. No. 59), and judgment was entered in Plaintiff's favor on Counts II - VI of Plaintiff's complaint and on Defendant's counterclaim (Doc. No. 60).  In ruling on Plaintiff's motion for summary judgment, the Court noted the following facts, construed in the light most favorable to Defendant.

In 2003, Defendant purchased the paddlewheel vessel JUBILEE, which was located in Stillwater, Minnesota.  (Doc. No. 49, Ex. A, p. 30).  Defendant needed to deliver the JUBILEE to his home in Virginia, so he hired Captain Tim Sherrin to pilot the vessel.  (Doc. No. 49, Ex. A, p. 61-62).

Defendant needed insurance for the delivery trip.  Defendant obtained insurance from Plaintiff, and the following route is set forth in the insurance policy:

> LEAVING STILLWATER, MN GOING DOWN MISSISSIPPI RIVER, CONNECTING TO THE OHIO RIVER, TENNESSEE RIVER INLAND WATERWAY AROUND GULF OF MEXICO TO OKEECHOBEE CANAL INLAND WATERWAY ACROSS FLORIDA TO POTOMAC, VA. (HOMEPORT).[1]

---

[1] Defendant provided the route that is contained in the insurance policy. (Doc. No. 49, Ex. A, p.51-52, 57-58).

2

(Doc. No. 49, Ex. C). The policy also provided that "[a]ny deviation beyond the navigation limits provided herein shall void this policy." (Doc. No. 49, Ex. C).

The JUBILEE sank on December 3, 2003, approximately seventy miles out in the Gulf of Mexico. (Doc. No. 49, Ex. A, p. 148; Ex. B, p. 47). Thereafter, Defendant filed a claim under the insurance policy, which Plaintiff denied. Plaintiff filed suit for a declaratory judgment that the policy was void and that Plaintiff had no duty to Defendant for his claim.

In ruling on the motion for summary judgment, the Court found that (1) the JUBILEE deviated from its defined route, (2) Defendant breached the navigational warranty contained in the policy, (3) Defendant breached the absolute warranty of seaworthiness, and (4) Defendant breached the negative implied warranty of seaworthiness. Accordingly, the Court concluded that Defendant's claim regarding the sinking of the vessel JUBILEE is not covered under the policy and that Plaintiff has no responsibility to Defendant under the policy for the sinking of the vessel JUBILEE.

### III.  Motion to Alter or Amend the Judgment

Defendant moves to alter or amend the judgment. However, Defendant has not shown that any grounds exist that justifying reconsideration. Instead, Defendant uses the motion to argue facts that he could or should have presented prior to the court's ruling and for rehashing arguments already rejected by the Court. As such, reconsideration is not warranted.

Furthermore, even if the Court were to consider Defendant's arguments, the Court finds that they have no merit. The only argument raised that even merits discussion is the argument that Sherrin's testimony shows that Defendant did not deviate from the route set forth in the insurance policy, but instead, the weather conditions caused JUBILEE to go off course.

Defendant cites page 43 of Sherrin's deposition in support. (Doc. No. 48, Ex. J). Defendant, however, mis-characterizes Sherrin's testimony.

Sherrin testified that he and Defendant disagreed about what route to take at Apalachicola. (Doc. No. 48, Ex. J, p. 39-41). Sherrin plotted the course Defendant suggested and then went to bed. (Doc. No. 48, Ex. J, p. 39-41). When Sherrin woke up, the JUBILEE was approximately 40 to 50 miles off shore and about four to five miles off course. (Doc. No. 48, Ex. J, p. 41-43). When asked what caused the JUBILEE to go off course, Sherrin responded, "Oh, there was no doubt as to why we were off course. It was because of the conditions: Wind and seas." (Doc. No. 48, Ex. J, p. 43).

Sherrin's testimony reveals that when the JUBILEE was approximately 40 to 50 miles off the shore, the JUBILEE was *four to five miles* off course. Thus, Sherrin did not testify that the weather caused the JUBILEE to be 40 to 50 miles off the shore; he testified that the weather caused the JUBILEE to be four or five miles off course. As such, Sherrin's testimony shows that the weather was not responsible for the JUBILEE being in the open waters of the Gulf, more than thirty miles off the shore.

Furthermore, the insurance policy defines the route that the JUBILEE was supposed to take as being the inland waterway around the Gulf of Mexico. Being more than thirty miles off of the shore cannot be characterized as being within the inland waterway around the Gulf of Mexico. See United States Fidelity & Guaranty Co. v. Thompson, 1990 AMC 444 (Fla. 4th Cir. November 15, 1989)(stating that the inland waters of Florida did not extend three miles from the shore); R & W Boat Rentals, Inc. v. Pennsylvania Ins. Co., 257 So. 2d 448, 449 (La. 1st Cir. Ct. App. 1972)(stating that the vessel, which was ten miles off the coast of Louisiana, was in the open waters of the Gulf of Mexico, rather than the inland waters of Louisiana). As such, the

evidence before the Court reveals that the JUBILEE deviated from its defined route and breached the navigational warranty contained in the policy.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Palivoda's Motion for New Trial and New Judgment (Doc. No. 63) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of February, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record